UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**CONNIE HARRIS**
    Plaintiff

v.                                                                                                No. 1:10CV-00131-R

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

## MAGISTRATE JUDGE'S REPORT
## and RECOMMENDATION

This matter is before the court upon the plaintiff's pro-se complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 11 and 13, respectively. In addition, the plaintiff has filed a copy of some updated medical records (Docket Entry No. 14). This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on March 20, 2009, by administrative law judge (ALJ) Patrick Kimberlin III. In support of his decision denying Title II benefits, Judge Kimberlin entered the following numbered findings:

    1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2008.

    2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of May 28, 2005, through her date last insured of December 31, 2008 (20 CFR 404.1571 et seq.).

    3. Through the date last insured, the claimant had the following severe impairments: grade 1 spondylolisthesis at L5-S1, chronic obstructive pulmonary disorder, depression, and panic disorder without agoraphobia (20 CFR 404.1521 et seq.).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except she cannot climb ladders, ropes and scaffolds, she can have less than moderate exposure to dust, fumes, gases and noxious odors, and she can perform simple, routine, one to three step job duties and instructions, involving low stress, with no interaction with the general public, with occasional and brief contact with supervisors and co-workers, in a task-focused environment.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 4, 1961, and was 47 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1564).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

9. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

10. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 28, 2005, the alleged onset date, through December 31, 2008, the date last insured (20 CFR 404.1520(g)).

(Administrative Record (AR), pp. 15-21).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial

evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A severe impairment is one that "significantly limits" a claimant's ability to do "basic work activities [that are] necessary to do most jobs [such as] walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is deemed to be non-severe. *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is severe, and the sequential evaluation should proceed to Step #3. Nevertheless, the severity step can and should continue to function as an "administrative convenience to screen out claims that are totally groundless solely from a medical standpoint." *Higgs v. Secretary*, 880 F.2d 860, 863 (1988). In addition, the severe impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*,

923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

## Discussion

Unfortunately, this pro-se plaintiff does not make any specific legal contention. However, in light of her pro-se status, we shall describe in general terms what she needed to allege and prove in order to prevail in this judicial review, to-wit:

1. *The "closed period" requirement.* The sole issue in this case is the plaintiff's disability status during the closed period from May 28, 2005, the alleged onset date, through December 31, 2008, the date she was last insured for Title II benefits.

2. *The "duration" requirement.* The plaintiff needed to show more than a temporary condition, injury, or flare-up of symptoms during the closed period. She needed to show an impairment that lasted for a "continuous period of at least 12 months." 20 C.F.R. § 404.1509.

3. *The "in excess of RFC" requirement.* This case was denied at the fifth and final step of the sequential evaluation process based upon testimony from a vocational expert (VE). The VE testified that an individual with the physical and mental limitations summarized in the ALJ's residual functional capacity (RFC) Finding No. 5, above, would retain the ability to perform a significant number of jobs in the national economy (AR, pp. 475-476). Unless the plaintiff points this court to evidence in the administrative record that she suffers from an additional, vocationally-significant limitation not contemplated by the foregoing vocational hypothetical (i.e., at least one restriction in excess of those stated in the ALJ's RFC finding, or what

5

we might describe as an "in excess of RFC" requirement), the court should affirm the Commissioner's final decision upon the strength of the vocational testimony. See *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

    4. *The "specific limitation" requirement.* Because neither the plaintiff, the defendant, nor this court is qualified to interpret raw clinical data and diagnoses in functional terms, the plaintiff needs to identify an opinion from an acceptable medical source opining a specific limitation, i.e., what we might describe as a "specific limitation" requirement.

    In her fact and law summary, the plaintiff points to evidence from James Dodson, M.D. Records from Dr. Dodson reveal that the plaintiff injured her back on May 28, 2005 (AR, p. 411). On June 2, Dr. Dodson diagnosed lumbosacral sprain and advised the plaintiff to be off work for a few days. When the plaintiff returned to work on June 7, she reported persistent back pain with no radiation of pain into her legs (AR, p. 410). The doctor recommended physical therapy and prescribed Lortab, Naprosyn, and Flexeril. On June 22, the doctor opined that the plaintiff would need to be off work for an "indefinite" amount of time (AR, p. 308). Another undated form indicates the same thing, i.e., off work for "indefinite at present time" (AR, p. 310). On June 30, after the plaintiff indicated persistent back pain notwithstanding physical therapy, Dr. Dodson diagnosed low back strain superimposed on chronic low back problems by history and referred her to an orthopedic surgeon (AR, p. 408). The administrative record does not indicate that surgery was recommended.

The plaintiff also mentions her treatment at Lifeskills, Inc., in Russellville, Kentucky. In June of 2007, she began treatment for panic attacks (AR, pp. 174-178). The medical expert who testified at the administrative hearing, licensed psychologist Robert Paul, Ph.D., reviewed the plaintiff's records from LifeSkills and the evidence as a whole and opined the mental limitations in Finding No. 5 (AR, pp. 450-451).

The magistrate judge concludes that the plaintiff has failed to identify any evidence in the administrative record satisfying the four general requirements discussed above. In addition, as noted above, after the Commissioner filed his fact and law summary, the plaintiff submitted a copy of some updated medical records (Docket Entry No. 14). In light of the plaintiff's pro-se status, we shall construe this submission as a motion for a remand for consideration of new and material evidence that was not before the ALJ pursuant to "sentence six" of 42 U.S.C. § 405(g). However, these records also do not satisfy the above requirements. Therefore, the plaintiff has failed to establish that the new evidence is "material" as required for a "sentence six" remand. Evidence is material only if there is a "reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Secretary*, 865 F.2d 709, 711 (6th Cir., 1988).

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, any party shall have a period of fourteen (14) days, pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within fourteen (14) days after being served with a copy of said objections. A period of three days shall be added to each fourteen (14) day period above pursuant to Fed.R.Civ.P. 6(d), for a total of seventeen (17) working days.

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).