# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN

**CONNIE HARRIS**
     Plaintiff

**v.**                                                                 **No. 1:10CV-00131-R**

**MICHAEL ASTRUE**
     Commissioner of Social Security
     Defendant


## SUPPLEMENTAL MAGISTRATE JUDGE'S
## REPORT and RECOMMENDATION

This matter is before the court upon the plaintiff's pro-se complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). After the filing of the prior report, the plaintiff filed a copy of her cardiac patient discharge instructions from St. Thomas Hospital dated February 22, 2011 (Docket Entry No. 16).

In light of the plaintiff's pro-se status, we shall construe this submission as a motion for a remand for consideration of new and material evidence that was not before the ALJ pursuant to "sentence six" of 42 U.S.C. § 405(g). Like the plaintiff's prior submission of updated medical records (Docket Entry No. 14), we conclude that these latest records do not satisfy the basic requirements of "closed period, duration, in excess of RFC, and specific limitation" discussed in the prior report. Stated differently, the additional medical records do not relate back to the plaintiff's condition on the date she was last insured for benefits, December 31, 2008. Therefore, the plaintiff has failed to establish that the new evidence is "material" as required for a "sentence six" remand. Evidence is material only if there is a "reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Secretary*, 865 F.2d 709, 711 (6th Cir., 1988).

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, any party shall have a period of fourteen (14) days, pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within fourteen (14) days after being served with a copy of said objections. A period of three days shall be added to each fourteen (14) day period above pursuant to Fed.R.Civ.P. 6(d), for a total of seventeen (17) working days.

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).